UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEACE ELLUVASUN ALLAH CUSH-EL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 4:21-CV-768 SEP |
| ) | |
| DOUGLAS BURRIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Peace Elluvasun Allah Cush-El's self-represented filing titled "Writ of Habeas Corpus under MO Supreme Court Rule 91.02(a)." Doc. [1]. Petitioner Cush-El has also filed three motions seeking leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Docs. [2], [8], [10]. Finally, Petitioner seeks leave to amend or correct his petition. Doc. [11].

After review of the financial information submitted, the Court will grant Petitioner *in forma pauperis* status.[1] However, the Petition is defective as written because it was not filed on a Court-provided form. As such, the Court will direct Petitioner to file an amended petition on such a form. Any amendments Petitioner sought to make in his motion to amend or correct (Doc. [11]) can be made in the filing of the amended petition on the Court-provided form.

### DISCUSSION

Petitioner Peace Elluvasun Allah Cush-El, also known as Guye F. Hunt,[2] is a pretrial

---

[1] Petitioner filed three duplicative motions, all on court forms used for prisoner civil rights cases (commonly brought under 42 U.S.C. § 1983), for which the court filing fee is $350.00. *See* Docs. [2], [8], [10] at 1 ("[B]ecause of my poverty, I am unable to pay the $350.00 filing fee."). But the court filing fee for habeas corpus matters is only $5.00. Regardless, these motions (and the inmate account statements filed by Petitioner) provide sufficient information for the Court to grant Petitioner *in forma pauperis* status in this habeas matter. Moreover, as Petitioner admits in his motions, he has had three or more cases dismissed as frivolous, malicious, or for failure to state a claim in the Middle District of North Carolina. *Id.* As such, if Petitioner was filing this matter under 42 U.S.C. § 1983, it would be subject to review and dismissal under the three-strikes rule of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). Such review is not applicable here because "Congress did not intend the PLRA to intrude into the habeas realm." *Martin v. Bissonette*, 118 F.3d 871, 874 (1st Cir. 1997); *see also Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001) ("PLRA's filing-fee provisions are inapplicable to habeas corpus actions.").

[2] In a bankruptcy proceeding in the Middle District of North Carolina, based on the Petitioner's filings, the court described Petitioner as "Guye F. Hunt, aka Peace Elluvasun Allah, aka Peace Elluvasun Allah Cush-El." *In re Guye Hunt*, No. 14-50213, Docs. [1], [32] (Bankr. M.D. N.C. Feb. 28, 2014).

detainee being held at the St. Louis County Justice Center.[3]  Doc. [1] at 2.  He initiated this action by filing a handwritten document titled "Writ of Habeas Corpus under MO Supreme Court Rule 91.02(a)," with nearly 100 pages of attached exhibits.  Docs. [1] through [1-8].  The filings are difficult to decipher but Petitioner seems to argue that the state court lacks the jurisdiction to hold him because he is a foreign national as a citizen of the Aboriginal Republic of North America (ARNA).  *Id.*  Petitioner has filed the same, or nearly identical, documents in a pending state court matter, *State v. Cush-El*, No. 19SL-CR04392-01 (21st Jud. Cir. Oct. 10, 2019), in which he is currently awaiting trial on felony charges of rape and attempted sodomy.  Petitioner has filed multiple civil actions in state court regarding his pending state criminal charges, including a contempt case that was dismissed as "yet another frivolous attempt to improperly thwart his prosecution."  *Cush-El v. State*, No. 20SL-CC02345 (21st Jud. Cir. May 4, 2020).

      Habeas corpus is generally a post-conviction remedy.  *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").  Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.  *Compare* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . .").

      Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241.  *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well established that federal district courts can entertain

---

[3] Petitioner names the "Office of the Prosecuting Attorney (Agent Wesley Bell)" as the "Defendant / Creditor / Respondent."  Doc. [1-2].  Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that the proper respondent for a prisoner currently in custody pursuant to a state court judgment is the state officer having custody of the applicant.  Rule 2 applies to habeas petitions arising under 28 U.S.C. § 2241 as well.  *See* Rule 1(b) of the Rules Governing § 2254 Cases ("district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  Therefore, as Director of the St. Louis County Justice Center, Douglas Burris is the proper respondent.

pretrial habeas petitions . . . ."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").  Here, Petitioner is a pretrial detainee arguing that his detention is unlawful and as such, his petition for writ of habeas corpus will be construed as seeking relief under 28 U.S.C. § 2241.

Nevertheless, in this case, the petition is defective because it has not been drafted on a Court-provided form.  E.D. Mo. Local Rule 2.06(A).  Also, the petition does not substantially follow the form prescribed by the Court.  Rule 2(d) of the Rules Governing § 2254 Cases ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").  Therefore, the Court will direct the Clerk of Court to send Petitioner the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241."  Petitioner will have thirty (30) days from the date of this Order to file an amended petition on the Court-provided form.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. [2]) is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that Petitioner's second motion to proceed *in forma pauperis* (Doc. [ 8]) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner's third motion to proceed *in forma pauperis* (Doc. [10]) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that that the Clerk of Court is directed to mail to Petitioner a copy of the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241."

**IT IS FURTHER ORDERED** that Petitioner shall file an amended petition on the Court-provided form within **thirty (30) days** of the date of this Order.  Petitioner is advised that his amended petition will take the place of his original petition and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Petitioner's motion to amend or correct his petition (Doc. [11]) is **DENIED as moot**.

**IT IS FINALLY ORDERED** that if Petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this 22nd day of September, 2021.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE