UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PEACE ELLUVASUN ALLAH CUSH-EL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 4:21-CV-768 SEP |
| DOUGLAS BURRIS and WESLEY BELL, | ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the amended pleadings of self-represented Petitioner Peace Elluvasun Allah Cush-El. The Court previously granted Petitioner *in forma pauperis* status and directed him to file an amended petition on a Court-provided form. Doc. 14. Since that Order, Petitioner has filed his Amended Petition and Second Amended Petition. Docs. 17, 22-23. For the reasons set forth below, the Court will summarily dismiss this case.

### Background

Petitioner Peace Elluvasun Allah Cush-El, also known as Guye F. Hunt,[1] is a pretrial detainee being held at the St. Louis County Justice Center. Doc. 1 at 2. He initiated this action by filing a handwritten document titled "Writ of Habeas Corpus under MO Supreme Court Rule 91.02(a)," with nearly 100 pages of attached exhibits. Docs. 1 through 1-8.[2]

Petitioner's original filing was not on a Court-provided form. As such, on September 22, 2021, this Court issued an Order directing him to file an amended petition on a Court-provided form. Doc. 14. Since that Order issued, Petitioner has filed another request to proceed *in forma pauperis* in this matter (Doc. 15), a motion for appointment of counsel (Doc. 16), and multiple amended petitions (Docs. 17, 22-23). Because amended pleadings completely replace prior-filed

---

[1] The Middle District of North Carolina Bankruptcy Court described Petitioner as "Guye F. Hunt, aka Peace Elluvasun Allah, aka Peace Elluvasun Allah Cush-El," based on Petitioner's own filings in that matter. *In re Guye Hunt*, No. 14-50213, Docs. 1, 32 (Bankr. M.D. N.C. Feb. 28, 2014).

[2] Petitioner filed the same, or nearly identical, documents in a pending state court matter, *State v. Cush-El*, No. 19SL-CR04392-01 (21st Jud. Cir. Oct. 10, 2019), in which he is currently awaiting a July 2022 trial on felony charges of rape and attempted sodomy. Petitioner has filed multiple civil actions in state court regarding his pending state criminal charges, including a contempt case that was dismissed as "yet another frivolous attempt to improperly thwart his prosecution." *Cush-El v. State*, No. 20SL-CC02345 (21st Jud. Cir. May 4, 2020).

pleadings, the Court will examine only the most recently filed petition and the supplement to that filing. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

In order to understand Petitioner's allegations, some background understanding of his legal history is required. Petitioner cites a Middle District of North Carolina Bankruptcy proceeding as his "first appeal." *See* Doc. 17 at 2-3 ("Case filing #19-50706"). A search of court records on Pacer indicates that Petitioner filed a voluntary Chapter 7 bankruptcy case in the Middle District of North Carolina on July 10, 2019. *In re Peace Elluvasun Allah Cush-El*, No. 19-50706 (Bankr. M.D. N.C. July 10, 2019). Petitioner received a discharge on May 1, 2020, and the case was closed as a "no-asset" case on May 18, 2020. *Id.* at Docs. 73, 77.

Petitioner sought to reopen the bankruptcy case on July 14, 2020, arguing that the bond set in his pending Missouri criminal court matter was either discharged or dischargeable in his bankruptcy case, and that he should be released from incarceration without posting bond. *Id.* at Doc. 80. The United States Bankruptcy Administrator ("BA") objected to reopening the case, asserting that a bond in a criminal matter is not a pre-petition claim subject to discharge and because the bankruptcy matter was a no-asset case, the reopening of the case would not affect the discharge of any particular debt. *Id.* at Doc. 85. After a hearing, the Bankruptcy Court denied the motion to reopen on August 14, 2020. *Id.* at Doc. 89.

### The Second Amended Petition

Plaintiff's Second Amended Petition is a handwritten document titled "Writ of Habeas Corpus 28 U.S.C. § 2241 Demand for Release of Foreign National."[3] Doc. 22. About a week after filing, Petitioner submitted a supplement, seeking to amend one paragraph in his Second Amended Petition and to include additional exhibits containing legal citations. *See* Doc. 23. These filings are considered together to comprise the Second Amended Petition.

---

[3] As discussed in the Court's September 2021 Order, Petitioner is a pretrial detainee arguing that his detention is unlawful, so his initial petition was construed as seeking relief under 28 U.S.C. § 2241. *See* Doc. 14 at 2-3. The Court notes that, despite its title's reference to § 2241, the Second Amended Petition contains multiple references to the civil rights statute 42 U.S.C. § 1983. *See* Docs. 22 at 18, 22-5 at 5. Petitioner has had three or more cases dismissed as frivolous or malicious or for failure to state a claim in the Middle District of North Carolina. *See* Docs. 2 at 1, 8 at 1. As such, if Petitioner were to file this matter under 42 U.S.C. § 1983, it would be subject to review and likely dismissal under the three-strikes rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

Petitioner's filings are hard to decipher.[4]  He seems to be making a similar argument to the one he made before the bankruptcy court when he was seeking to reopen that case.  Petitioner asserts that the bond issued in his state criminal case violates the Chapter 7 bankruptcy discharge that he acquired in May 2020 in the Middle District of North Carolina District Court.  Doc. 22 at 1-5.  According to Petitioner, his "bond of $75,000 issued on 7-30-2019" and increased "to $100,000 on 01-23-2020" by a state court Judge, violates "the federal bankruptcy chpt 7 automatic stay and [is] void ab initio."  *Id.* at 23.

Petitioner identifies himself as "Minister Peace Elluvasun Allah Cush-El of the Aboriginal Republic of North America Indigenous Political Authority ARNA-IPA."[5]  *Id.* at 2.  Petitioner identifies Defendant Wesley Bell as a "creditor agent" and Defendant Douglas Burris as a "debt collector agent."  Doc. 22 at 3.

Petitioner argues that he and "his Aboriginal Property" are being illegally restrained by Defendants in "violation of the automatic stay."  *Id.* at 3-20.  Petitioner asserts that Bell has committed fraud and identity theft in his attempt to collect from Petitioner a pre-petition debt.  *Id.* at 4-5.  According to Petitioner, Bell's office's failure to respond to his Freedom of Information requests constitutes "acceptance by silence" and "stands as consent and is implied and tacit approval of the factual declarations herein."  *Id.* at 13.

Petitioner further alleges that Bell provided false information to obtain an arrest warrant to extradite Petitioner from the state of North Carolina.  Petitioner argues that the warrant was defective and charged a "fictious entity" because it "re-classified him from an Internationally Protected Person under USC Title 18 § 112 Aboriginal American, into a 14th Amend. Second class subject of the United States Inc. African American black male."[6]  *Id.* at 15-16.

---

[4]  Petitioner raised many of the same arguments before the state court, which described his pleadings as "convoluted and confusing."  Doc. 22-4 at 4.

[5]  Petitioner has raised his status as an "Aboriginal" person in many of his past filings.  For example, in his bankruptcy matter in North Carolina, the BA filed a motion to dismiss arguing that the bankruptcy petition represented a bad faith attempt to invoke the jurisdiction and protection of the court to hinder and interfere with a Missouri criminal proceeding and to relitigate previously dismissed claims.  *In re Peace Elluvasun Allah Cush-El*, No. 19-50706, Docs. 42 at 2, 50 at 1.  The BA noted that Petitioner had a pending criminal case in Missouri involving a charge of statutory rape.  *Id.*, Doc. 42 at 2.  The BA stated that Petitioner had filed eight (8) previous actions in the Middle District of North Carolina District Court seeking relief from criminal matters based on the contention that Petitioner is an "Aboriginal" sovereign citizen.  All of those cases were summarily dismissed.  *Id.* (citing *Cush-El v. State of North Carolina*, No. 1:16CV610, Doc. 4 (filed June 17, 2016)).

[6]  Petitioner argues that he is being illegally held as an "internationally protected person," which is defined in 18 U.S.C. § 1116(b)(4) as:

- 3 -

Petitioner also includes a lengthy argument concerning Defendants' lack of entitlement to Eleventh Amendment immunity.[7]  *Id.* at 20-33.  Finally, Petitioner argues that the Fair Debt Collection Act has been violated because the state of Missouri has used "unfair or unconscionable means to collect or attempt to collect" the bond from him.  *Id.* at 36.

For relief, Petitioner asks that the Court order Defendants to produce specific discovery requests.  Petitioner also seeks dismissal of all state court charges against him.  *Id.* at 37-42.

Attachments to the Second Amended Petition include re-created Freedom of Information Act requests submitted by Petitioner; allegations that governmental officials have fraudulently used Petitioner's personal identifying information; and state court orders denying Petitioner's motions and finding many of his arguments to be without merit.  Docs. 22-2 through 22-4.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief.  Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well.  *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").  For the reasons discussed below, it plainly appears that Petitioner is not entitled to relief on his § 2241 petition; therefore, it will be dismissed.

---

(A) a Chief of State or the political equivalent, head of government, or Foreign Minister whenever such person is in a country other than his own and any member of his family accompanying him; or

(B) any other representative, officer, employee, or agent of the United States Government, a foreign government, or international organization who at the time and place concerned is entitled pursuant to international law to special protection against attack upon his person, freedom, or dignity, and any member of his family then forming part of his household.

*See also* Doc. 23-1 at 1-3.

[7]  Much of the legal support relied on by Petitioner is either no longer good law or not controlling precedent in this Court.  For example, Petitioner frequently cites and discusses favorably a bankruptcy case out of the Northern District of Alabama, *In re Rainwater*, 233 B.R. 140 (Bankr. N.D. Ala. 1999).  *See* Doc. 22 at 22-27.  That case was vacated in 2000 by the District Court, which found that the Bankruptcy Court could not issue habeas corpus relief and that the relevant criminal proceeding was exempt from the automatic stay of bankruptcy.  *See Bryan v. Rainwater*, 254 B.R. 273 (N.D. Ala. 2000).  Petitioner also relies on a Supreme Court case issued in 1824 that has been recognized as overruled.  *See Bank of U.S. v. Planters' Bank of Ga.*, 22 U.S. 904 (1824), *overruling recognized by*, *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429 (6th Cir. 2000).  Finally, Petitioner also cites and refers to many North Carolina statutes, which are not controlling or relevant in this U.S. District Court case concerning a Missouri state court criminal matter.  *See* Doc. 22 at 30-33.

Habeas corpus is generally a post-conviction remedy. *Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court. *Compare* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . .").

Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) ("It is well established that federal district courts can entertain pretrial habeas petitions …."); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial habeas petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). However, in general, a petition for writ of habeas corpus pursuant to § 2241 is a valid means of court review in only limited situations, including: "actions challenging the administration of parole; computation of good time or jail time credits; prison disciplinary actions; or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 1577673 (D.S.C. May 31, 2007) (internal citations omitted).

Based on a review of the Second Amended Petition, it is plain that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Petitioner seeks his release from confinement but does not contest the length of his detention. Petitioner argues that the bond amount issued in his state court criminal case is illegal and fraudulent due to a Chapter 7 bankruptcy discharge. That

argument has already been considered and denied by the Middle District of North Carolina Bankruptcy Court.  Petitioner cannot now raise the issue before this Court for a second opinion.

The Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). However, the Court has identified a general policy that duplicative litigation in federal courts should be avoided. *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts … though no precise rule has evolved, the general principle is to avoid duplicative litigation.").  Furthermore, the Eighth Circuit has held that dismissal of duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001).

In addition, Petitioner's argument that he is an "internationally protected person" being held in violation of criminal law, based on his alleged status as an "Aboriginal" citizen in (what appears to be) a self-created autonomous foreign political authority, is meritless.  Thus, the Second Amended Petition fails to allege any cognizable claim for relief that has not already been decided by another court.

Moreover, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (quoting *Wingo v. Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) (internal citations omitted)). *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court").

## Conclusion

Petitioner's Second Amended Petition must be dismissed because it plainly appears that Petitioner is not entitled to relief.  *See* Rule 4 of the Rules Governing § 2254 Cases.  The Supreme Court has warned federal courts to guard against the interruption of state adjudications by federal habeas proceedings.  *See Braden*, 410 U.S. at 490.  Petitioner's state criminal case is ongoing, and he raises no issue in his pleadings that justifies this Court's involvement. Petitioner's motion for appointment of counsel will be denied as moot.  Also, because Petitioner has already been granted *in forma pauperis* status, his new motion for such relief will also be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition (Doc. [1]), Amended Petition (Doc. [17]), and Second Amended Petition (Doc. [22]) for a writ of habeas corpus under 28 U.S.C. § 2241 are **DENIED and DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's fourth motion to proceed *in forma pauperis* (Doc. [15]) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's motion for the appointment of counsel (Doc. [16]) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE